## Charles Roberts Aldrich, Appellant, v. Frederick R. Jenkins, Appellee.

### Gen. No. 16,980.

1. VERDICTS—*when without basis.* A verdict awarding a lien of $90 for labor and services in repairing an automobile on replevin to recover it is without basis, where the evidence does not show the value of the repairs made but tends to show that the machine was injured by unskilful repairing without showing the extent thereof.

2. INSTRUCTIONS—*when improper.* An instruction on a question not put in issue by the pleadings is improper.

Action of replevin. Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed June 4, 1912.

ALDRICH & McROBERTS, for appellant.

JOSEPH M. GRIFFEN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This replevin action was brought in the Circuit Court to recover an automobile of the appellant, Aldrich, left at the shop of the appellee, Jenkins, for repairs. The defendant, appellee, asserted a lien upon the automobile for the repairs, and on the trial the jury found that appellee, defendant, had a lien on the automobile for labor and services, for $90, and judgment was entered accordingly on the verdict.

Plaintiff, appellant, contended below that the repairs were improperly done by appellee, and that as the result of his failure to properly make the repairs, the machine was greatly damaged and injured, and sought to reduce the amount of the claim for appellee for repairs by the damages accruing to the machine be-

cause of the negligence and lack of skill of appellee in making the repairs.

Upon a review of the evidence in the case, we do not find any basis therein for the verdict of the jury.

While it appears that appellee made repairs upon appellant's machine, the value of such repairs does not appear in the evidence.   The evidence also tends to show that appellant's automobile was injured through the negligence and unskillful work of appellee in repairing the machine, but to what extent the machine was injured does not appear.

Errors are assigned upon the refusal of the court to give certain instructions tendered on behalf of appellant.   The instructions are not free from criticism, but inasmuch as a new trial must be awarded in the case, we think it unnecessary to discuss the instructions, as it is not likely that they will again be tendered or given in the form in which they appear in this record.

Objection is made also to the giving of an instruction on the question of tender.   We do not find that tender was made an issue in the case by the pleadings. While the instruction was improperly given it could do little harm in the case.

The judgment of the Circuit Court is reversed and the case remanded.

*Reversed and remanded.*